IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Charles Edward Thomas, | ) | C/A No.  0:14-302-DCN-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| South Carolina Department of Corrections; Jon | ) | |
| Ozmint, Former Prison Director; Medical | ) | |
| Division; Financial Records, In their individual | ) | |
| and official capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

  This is a civil action filed by a state prisoner.  Therefore, in the event that a limitations issue arises, Plaintiff shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court).  Under Local Civil Rule 73.02(B)(2) DSC, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

  On February 26, 2014, the court issued an order directing Plaintiff to provide documents necessary for initial review.  (ECF No. 7.)  Plaintiff complied with the order and this case is now in proper form.

**PAYMENT OF THE FILING FEE:**

  By filing this case, Plaintiff has incurred a debt to the United States of America in the amount of $350.[*]  *See* 28 U.S.C. § 1914.  This debt is not dischargeable in the event Plaintiff seeks relief under the bankruptcy provisions of the United States Code. *See* 11 U.S.C. § 523(a)(17).  The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), permits a prisoner to file a civil action without prepayment of fees or security, but requires the prisoner "to pay the full amount of the filing fee" as funds are available.  *See* 28 U.S.C. § 1915(a), (b).  As the court grants Plaintiff permission to proceed *in forma pauperis* below, **the agency having custody of Plaintiff shall collect payments from Plaintiff's prisoner trust account in accordance with 28 U.S.C. § 1915(b)(1) and (2), until the full $350 filing fee is paid.**  *See Torres v. O'Quinn*, 612 F.3d 237, 252 (4th Cir. 2010) ("We hold that 28 U.S.C. § 1915(b)(2) caps the amount of funds that may be withdrawn from an inmate's trust account at a maximum of twenty percent *regardless of the number of cases or appeals the inmate has filed*.") (emphasis in original).

---

 [*] Effective May 1, 2013, an administrative fee of $50 is added to the filing fee of $350.  The $50 administrative fee, however, is <u>not</u> applicable to *in forma pauperis* cases.

PJG

Plaintiff has submitted an Application to Proceed Without Prepayment of Fees and Affidavit (Form AO 240), which is construed as a Motion for Leave to Proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(1), (2). A review of the Motion reveals that Plaintiff does not have the funds to pay the first installment of the filing fee. Therefore, the amount due from Plaintiff is currently $350.

Plaintiff's Motion for Leave to Proceed *in forma pauperis* is granted. (ECF No. 2.)

**TO THE CLERK OF COURT**:

This case is subject to summary dismissal based on an initial screening conducted pursuant to 28 U.S.C. §1915 and/or 28 U.S.C. § 1915A. Therefore, the Clerk of Court shall ***not*** issue the summonses or forward this matter to the United States Marshal for service of process at this time.

**IT IS SO ORDERED**.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 12, 2014
Columbia, South Carolina