IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Charles Edward Thomas, | ) | C/A No.  0:14-302-DCN-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| South Carolina Department of Corrections; Jon Ozmint, Former Prison Director; Medical Division; Financial Records, In their individual and official capacities, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff, Charles Edward Thomas ("Plaintiff"), a self-represented litigant, brings this action alleging a violation of the "United States Constitution and Laws."[1] (ECF No. 9 at 2.)  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) DSC. Plaintiff is an inmate at Evans Correctional Institution ("ECI"), and files this action *in forma pauperis* under 28 U.S.C. § 1915.  Having reviewed the Amended Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without the issuance and service of process.

**I.     Factual and Procedural Background**

Plaintiff, who alleges that he has tested positive for the Human Immunodeficiency Virus ("HIV"), claims that the defendants have violated his rights over a ten-year period. (ECF No. 9 at 3.)  Plaintiff complains that the defendants assigned him to segregated housing in a dorm for HIV

---

[1] On March 14, 2014, Plaintiff filed an Amended Complaint.  (ECF No. 9.)  To preserve issues raised in the case and give liberal construction to the pleadings, Plaintiff's Complaint has been docketed as an attachment to the Amended Complaint.  (ECF No. 9-2.)

Page 1 of  9



positive inmates; thus, forcing him to disclose his medical condition. (Id.) Plaintiff also alleges that the defendants required excessive payment for medications, subjected Plaintiff to disparate treatment based solely on his medical condition, and "took $822 in February 2013 from an insurance policy that Plaintiff surrendered." (Id. at 3–4.) Although not raised in the Amended Complaint, Plaintiff's original Complaint also alleged a violation of the Americans with Disabilities Act ("ADA") and a violation of Plaintiff's rights under the Health Insurance Portability and Accountability Act ("HIPPA"). (ECF No. 9-2.) Plaintiff seeks monetary damages, waiver of the requirement for administrative exhaustion of his claims, and release from incarceration.[2] (ECF No. 9 at 5.)

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Amended Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Amended Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs

---

[2] To the extent Plaintiff seeks release from incarceration, such relief is not available under § 1983. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release).



of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[3]  28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact."  Denton, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which

---

[3] Screening pursuant to § 1915A is subject to this standard as well.



the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

**1.     Claims under 42 U.S.C. § 1983**

A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). In addition, a plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights. Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977).

**i.     Improper defendants**

Plaintiff alleges a violation of his constitutional rights by the South Carolina Department of Corrections ("SCDC"). (ECF No. 9 at 3.) The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. See Alden v. Maine, 527 U.S. 706, 712–13 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); Hans v. Louisiana, 134 U.S. 1 (1890). Such immunity extends to arms of the state, including a state's agencies, instrumentalities and employees. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89,



101–02 (1984); see also Regents of the University of California v. Doe, 519 U.S. 425, 429 (1997); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (claims against a state employee for actions taken in an official capacity are tantamount to a claim against the state itself). While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions apply in the instant case.[4] Therefore, Plaintiff's claims against SCDC, a state agency, are barred by the Eleventh Amendment. As such, SCDC is entitled to summary dismissal from this action.

Plaintiff also lists the Medical Division and Financial Records as defendants in this case. However, it is well-settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." See 42 U.S.C. § 1983; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978). Courts have held that inanimate objects such as buildings, facilities, and grounds are not "persons" and do not act under color of state law. See Nelson v. Lexington Cnty. Det. Ctr., C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that the plaintiff failed to establish that the Lexington County Detention Center, "as a building and not a person, is amenable to suit under § 1983"); see also Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Additionally, use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. See Heyward v. Evans

---

[4] Congress has not abrogated the states' sovereign immunity under § 1983, see Quern v. Jordan, 440 U. S. 332, 343 (1979), and South Carolina has not consented to suit in federal district court. S.C. Code Ann. § 15-78-20(e).



Corr. Inst., C/A No. 0:12-1780-TMC-PJG, 2012 WL 6093698, at *2 (D.S.C. Oct. 23, 2013), adopted by 2012 WL 6094184 (D.S.C. Dec. 7, 2012); Pitts v. Perry Corr. Inst. Med. Staff, C/A No. 0:09-1000-MBS-PJG, 2011 WL 704487, at *2 (D.S.C. Jan. 24, 2011), adopted by 2011 WL 703946 (D.S.C. Feb. 22, 2011).  As the Medical Division and Financial Records are not amenable to suit under § 1983, they should be summarily dismissed from this case.

### ii.     Lack of exhaustion

Plaintiff names one defendant, Jon Ozmint, who is amenable to suit under § 1983.  However, it is clear from the face of the pleading that Plaintiff filed this case prematurely, before exhausting SCDC's administrative remedy process.  (ECF No. 9 at 2.)  The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The United States Supreme Court has held that, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).

While a plaintiff's failure to exhaust administrative remedies is considered an affirmative defense and not a jurisdictional infirmity, Jones v. Bock, 549 U.S. 199 (2007), if the lack of exhaustion is apparent from the face of the prisoner's complaint *sua sponte* dismissal prior to service of the complaint is appropriate.  See Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005); see also Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008); Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655–56 (4th Cir. 2006).  In the present action, Plaintiff indicates that he did not file a grievance concerning the matters raised in this case.  (ECF No. 9 at 2.)  Thus, it is clear

from the face of the pleading that Plaintiff submitted the instant case prior to exhaustion of his administrative remedies.

Plaintiff asks this court to waive the exhaustion requirement based on the seriousness of the case and Plaintiff's fear of retaliation for "exhausting the grievances process." (ECF No. 9 at 5.) However, a "plaintiff's failure to exhaust is not excused by his allegation that his is under threat of imminent danger." See Duckett v. Fuller, C/A No. 6:13-1079-JMC, 2013 WL 6181417, at *3 (D.S.C. Nov. 22, 2013) (citing Yisrael v. Whitener, C/A No. 3:13-469-FDW, 2013 WL 4784111, at *2 (W.D.N.C. Sept. 6, 2013)); see also Reynolds v. Stouffer, C/A No. DKC-13-824, 2014 WL 576299, at *4 (D. Md. Feb. 11, 2014) (PLRA does not contain an "imminent danger" exception to exhaustion) (collecting cases). Therefore, Plaintiff's § 1983 claims are subject to summary dismissal for lack of exhaustion.

### 2.    Claims under the ADA

The Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., also requires exhaustion of administrative remedies prior to filing a complaint. See Sydnor v. Fairfax Cnty., Va., 681 F.3d 591, 593 (4th Cir. 2012); see also Toscani v. Litton, C/A No. 8:11-3171-RBH-JDA, 2012 WL 7060753, at *6 (D.S.C. June 29, 2012) (PLRA exhaustion required for ADA claims), adopted by 2013 WL 523097 (D.S.C. Feb. 12, 2013). As indicated above, Plaintiff's failure to exhaust his administrative remedies is clear from the face of the Amended Complaint. Therefore, any claims raised by Plaintiff under the ADA are subject to summary dismissal.

### 3.    Claims under HIPAA

Plaintiff's original Complaint cites to the Health Insurance Portability and Accountability Act, Pub. L. 104-191, 110 Stat. 1936 (1996). (ECF No. 9-2 at 8.) However, there is no private right



of action under HIPAA.  See Acara v. Banks, 470 F.3d 569, 571 (5th Cir. 2006); Treece v. Winston-Wood, C/A No. 3:10-2354-DCN-JRM, 2012 WL 887476 (D.S.C. Feb. 23, 2012) (collecting cases), adopted by 2012 WL 896360 (D.S.C. Mar. 15, 2012).  Therefore, Plaintiff's claims under HIPAA should be summarily dismissed.

### 4.  State law claims

The federal claims in this action are recommended for summary dismissal.  Therefore, the district court should decline to exercise supplemental jurisdiction over any state law causes of action raised by Plaintiff.  See 28 U.S.C. § 1367(c)(3); see also United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1996); Tigrett v. Rector and Visitors of the Univ. of Va., 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case).

### III.  Conclusion and Recommendation

For the foregoing reasons, it is recommended that the Amended Complaint be summarily dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 12, 2014
Columbia, South Carolina

*The parties are directed to note the important information in the attached*
*"Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).