IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| CHARLES EDWARD THOMAS,         ) | |
| ) | No. 0:14-cv-00302-DCN |
| Plaintiff,      ) | |
| ) | |
| vs.         ) | |
| ) | **ORDER** |
| SOUTH CAROLINA DEPARTMENT OF  ) | |
| CORRECTIONS; JON OZMINT,       ) | |
| *former prison director*; MEDICAL    ) | |
| DIVISION; FINANCIAL RECORDS, *in* ) | |
| *their individual and official capacities* ) | |
| ) | |
| Defendants.     ) | |
| ) | |

    This matter is before the court on remand from the United States Court of Appeals for the Fourth Circuit to determine whether the petitioner, Charles Edward Thomas ("Thomas"), is entitled to reopen the appeal period under Federal Rule of Appellate Procedure 4(a)(6). For the reasons set forth below, the court finds it appropriate to reopen the appeal period for 14 days.

## I.  BACKGROUND

    Thomas filed this civil action pro se on February 5, 2014. On May 12, 2014, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending summary dismissal of this action. Thomas filed a timely written objection to the R&R. On May 28, 2014, this court entered its judgment adopting the R&R, thereby dismissing the action. On October 21, 2014, Thomas filed a motion with the Fourth Circuit Court of Appeals, in which he inquired about the status of his objections to the R&R. The Fourth Circuit construed the motion as a notice of appeal, finding that the motion suggested that Thomas did not receive notice of this court's order adopting the R&R. The Fourth Circuit then remanded the case to determine whether Thomas can satisfy the requirements of Rule 4(a)(6).

## II.  DISCUSSION

Federal Rule of Appellate Procedure 4(a)(6) provides that the "district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered," but only if certain conditions are satisfied.  To qualify under this subdivision, Thomas, as the movant, must establish that:  (1) he did not receive notice of the entry of judgment under Federal Rule of Civil Procedure 77(d) within 21 days of its entry; (2) he moved within 180 days of entry of the judgment or within 14 days of his receipt of notice of the entry under Federal Rule of Civil Procedure 77(d), whichever is earlier; and (3) no party would be prejudiced by the extension.  Fed. R. App. P. 4(a)(6).

After careful review, the court finds that Thomas has complied with the standards set forth in Rule 4(a)(6).  As an initial matter, "the record does not conclusively show when [Thomas], currently housed in a correctional facility, received notice that his action had been dismissed."  James v. Cohen, No. 907-cv-4163, 2009 WL 4585251, at *1 (D.S.C. Nov. 30, 2009) (finding the reopening of the time to file an appeal appropriate under Rule 4(a)(6) given the petitioner's declaration that he first received notice of the order dismissing his case more than 21 days after its entry).  Thomas's motion indicates that he did not receive notice of the entry of the judgment dismissing his claims within 21 days of its entry.  In addition, Thomas filed his motion within 180 days of the entry of the judgment, and there is no evidence that any party would be prejudiced by reopening the time to appeal.  Accordingly, the court finds that under the standards set forth in Federal Rule of Appellate Procedure 4(a)(6), the period for filing a notice of appeal should be reopened for 14 days.

## III.  CONCLUSION

The period for filing an appeal in this matter is therefore reopened.  Thomas shall have 14 days from the filing date of this order to re-file a notice of appeal.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**April 13, 2015**
**Charleston, South Carolina**